[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on December 9, 1995 in Las Vegas, Nevada. They have resided continuously in this state for more than one year. There is one minor child, issue of the marriage, Jessica Tambascio, born May 16, 2000. The evidence presented at trial clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§46b-56, 46b-81, 46b-82, 46b-84 and 46b-62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
As recited above, the parties married in December of 1995 and separated in 2001. This is the first marriage of both of the parties. The wife is 41 and in good health. She has a college degree and had been regularly employed up to the birth of her daughter. The plaintiff husband is 52, a high school graduate and appears to suffer from chronic back pain, high blood pressure and cholesterol and has difficulty sleeping. Although the evidence presented at the trial established that despite these claimed illnesses, he would work frequently on a 7 day per week basis and carried on a rigorous work schedule. Furthermore, he has actively run his own pool business known as Tamm's Pool Service for over 20 years.
The major issues in this dissolution are the sale or retention of the family dwelling at 16 Bible Street, Cos Cob, alimony and child support, the plaintiffs health and relocation by the defendant wife in Fairfield County preferably in the Monroe/Newtown area.
The plaintiff husband claims to have major medical problems since 1992 and since that date has been under the care of Dr. Joseph Costanzo, an internist practicing in Stamford, Connecticut. Dr. Costanzo testified that the plaintiff primarily suffered high blood pressure, high cholesterol chronic low back pain and a sleeping disorder. He further testified that these conditions were controlled by medication resulting CT Page 12397 in considerable improvement although not to complete normality. Dr. Costanzo further testified to seeing him twice in 2002 and five times in 2001 including normal checkups and that he never referred the plaintiff to an orthopedic physician or conducted an MRI for his back problems. The wife herself testified to the plaintiffs abnormal sleeping problems.
The plaintiff complains that the wife left him on 3 occasions, that she had assaulted him including a scratching incident on more than one occasion, that they did not have a good sex life rarely sleeping together and that the wife argued with him over life insurance even on their wedding day. Further, he claims she had a mercenary attitude.
The defendant complained of the husband's poor sleeping habits, even telling her to get out of the bedroom, that he frequently would not pay her personal expenses especially when she stopped work in April of 2000 while in her eighth month of pregnancy. She also complained that the husband swore at her and frequently assaulted her.
This Court reiterates its finding that the marriage has broken down irretrievably and declines to assess fault to either party.
The wife is seeking to sell the marital residence while the husband wishes to retain ownership. A review of both financial affidavits and the testimony during the trial reveals the following major assets of the parties. The residence at 219 Bible Street, Cos Cob, Connecticut, is jointly owned by the plaintiff and defendant. The defendant's affidavit estimates the value at $1,125,000 while the plaintiffs affidavit estimates its value at $1,000,000. Although the defendant's affidavit was the more recent, the court finds that the fair market value is between $1,000,000 and $1,125,000 and places a value of $1,062,500 on this property. After deducting the mortgage of $597,274, the net equity comes to $465,226. The parties also own a residence in Jupiter, Florida with an equity between $47,000 and $62,000. In addition, to other listed personal assets, the defendant owns and operates Tamm's Pool Services with an unknown worth from which he earns a minimum of $11,389 monthly or $136,668 annually. This Court also notes that the plaintiff derives some income from this business on a cash basis. The Court notes however, that this business is primarily operated between mid-March and mid-November (8 months) so that the plaintiff is capable of earning additional income in the remaining four months of the year.
The following orders shall enter.
Custody Visitation
CT Page 12398
1. There shall be joint legal custody of the minor child with physical custody of the minor to the defendant. The defendant and plaintiff shall confer with each other on all matters relating to the health, education and welfare of the minor child but in the event of any emergency or need for an immediate decision, the defendant shall have the authority to make the final decision. If the child is visiting with the father and an emergency medical situation arises, he shall immediately notify the mother and if unable to do so, he may make such emergency decision.
2. The plaintiff shall be entitled to flexible and liberal visitation to include but not limited to the following:
a. 4 hours twice during the week between the hours of 4:00 and 8:00 p.m.
b. Alternating Saturdays and Sundays for 5 hours each weekend.
c. During the period of mid-November to mid-March, the plaintiff shall be entitled to alternating overnights every second weekend on either Friday from 5:00 p.m. to 2:00 p.m. on Saturday or the same period from Saturday afternoon to Sunday.
d. If the plaintiffs work schedule permits, he may exercise the schedule listed in (c.) above throughout the entire year.
e. Once per month, the plaintiff shall have a full weekend with the child from Friday at 5:00 p.m. until Sunday at 3:00 p.m. in lieu of one of the alternating Saturday or Sunday visitations outlined in (c.) above.
f. During the plaintiffs busy season, the parties should be flexible in any rearranging of this visitation schedule.
Alimony Child Support
1. The plaintiff shall pay to the defendant as alimony and child support the sum of $4750 per month as unallocated alimony and child support.
2. Such unallocated alimony and child support shall be secured by a contingent wage withholding order. This order shall commence on November 1, 2002 and shall continue until the death of either party, the defendant's remarriage or cohabitation as provided in the statute or six years from November 1, 2002, whichever event first occurs. This order shall be non-modifiable as to term. However, it may be modifiable as to CT Page 12399 amount only in the event if the defendant wife obtains employment and earns a gross salary of $35,000 or more, in which event, the plaintiff may seek a modification.
During the month of October 2002, the pendente lite order shall be payable by the plaintiff.
Medical Insurance Coverage
1. The plaintiff shall provide medical insurance for the benefit of the minor child and the parties shall pay all uninsured or unreimbursed medicals 50% by the plaintiff and 50% by the defendant. The wife shall have the right to convert her medical insurance through the husband's employment via COBRA at her sole cost and expense. Section 46b-84 (e) of the Connecticut General Statutes shall apply.
Life Insurance
The plaintiff shall maintain a term life insurance policy with a face amount of $350,000 with the wife as the named beneficiary during the term of unallocated alimony. Once this 6 year period terminates or the unallocated alimony ceases as otherwise provided, the husband shall maintain a term life insurance policy in the amount $250,000 for the benefit of the minor child until such time as said child graduates from high school or reaches the age of 19, whichever comes first. In the event the plaintiff is unable to obtain life insurance coverage or the premium is prohibitive, he shall have the right to seek a modification of this Order from the Court.
2. For any elective or orthodontic expense, the wife shall obtain the husband's consent in writing, which consent shall not be unreasonably withheld.
Real Estate
The wife shall convey and transfer to the husband any and all interest she has in the marital residence, located at 219 Bible Street, Cos Cob, Connecticut, provided the husband is able to refinance or otherwise pay her the sum of $232,609 within 90 days. If the plaintiff is unable to secure said financing and/or pay the above sum to the defendant within this specific period, then said residence shall be placed on the market with a licensed broker selected by the plaintiff for a sale price of $1,062,500. The parties shall not be obliged to sell said property for less than the sum of $990,000. unless the parties mutually agree to sell said premises for a lesser amount. In the event the husband buys out the CT Page 12400 wife's interest in this property, he shall hold her harmless for any liens or claims on said property.
If the husband refinances said residential dwelling, he shall indemnify and hold harmless the wife for any mortgages, liens or encumbrances on said property. In any event, the wife shall vacate said premises within two weeks of the date of this order, giving exclusive possession to the plaintiff and he shall be solely responsible for carrying expenses for said property until the sale or the buyout of the wife's interest. If the property is sold, the parties shall split the net proceeds, in the following ratio: 52 percent to the wife and 48 percent to the husband.
2. The court reserves jurisdiction over issues that may arise in reference to the sale of this property.
3. The wife shall convey and transfer to the husband any and all interest she has in the real estate, located at 305 New Haven Boulevard in Jupiter, Florida and the husband shall indemnify and hold the wife harmless with respect to any and all encumbrances associated with this property. In consideration of this transfer by the wife, the husband shall pay a lump sum payment of $27,250, payable no later than 3 years at 6 percent interest.
Lump Sum Alimony
The husband shall pay to the wife the sum of $7,500 for her immediate needs in vacating and relocating from the marital residence as specified under the provisions of the real estate portion of this decision. This sum to be paid within one week of the date of this order.
Personal Property
The parties shall be entitled to retain all of their own personal effects, clothing and jewelry. The husband shall be entitled to retain all of the furniture, equipment and supplies associated with Tamm's Pool Service Supply, Inc., and he is awarded full title to said company and its assets free and clear of any claim by the wife. He shall also retain all furniture in his existing quarters at 219 Bible Street except for the drapes. The wife shall retain all of the child's furniture and furnishings. She shall also have one set of pots and pans (at her choice), dishes given by her mother, all of the kitchen appliances (except duplicates — to be given to the husband), glasses, silverware, and kitchen tools.
The husband shall also retain all pool equipment, toys and floats at the CT Page 12401 marital residence.
The balance of the personal property and furniture located at said marital residence shall be divided by the parties by mutual agreements and if they are unable to agree as to any remaining items, a list of said items shall be submitted to family relations for their recommendation and, if not resolved, the parties shall return to court for a hearing and orders thereon.
Residency and Relocation
The wife shall be permitted to charge her principal place of residence anywhere in Fairfield County not to exceed a distance of 40 miles from Greenwich.
Bank Accounts, IRAs, 401Ks. Automobiles and Misc. Personalty
The wife shall retain sole ownership of the following:
1. Citibank checking account
2. Prudential Securities
3. Fidelity 401 (K0
4. Prudential IRAs (3 accounts)
5. 1997 Ford
6. Computer, printer, monitor and fax.
The husband shall retain sole ownership of the following:
1. Putnam Trust account
2. Putnam Trust business account
3. Merrill Lynch brokerage account
4. CSFB Direct
5. Merrill Lynch IRA and Merrill Lynch Roth IRA
6. Merrill Lynch SEP CT Page 12402
Tax Exemptions
The wife shall be entitled to claim the minor child as a dependent for Federal and State income tax purposes. Once the unallocated payments cease, and the husband is paying only child support, then the parties shall alternate each tax year and the wife shall have the first tax year exemption deduction.
Counsel Fees
The parties shall be responsible for their own counsel fees.
Debts Liabilities
Each party shall be responsible for their own liabilities and debts as listed on their respective financial affidavits.
Counsel Fees for the Minor Child
Attorney Elizabeth Shame is awarded counsel fees of $6,750, of which the sum of $2,500 has been paid by the plaintiff. Each of the parties is to pay his/her share of said fees in the amount of $3,375.
Judgment shall enter in accordance with said orders.
CT Page 12403